## Rogers' vs. Haines.

The equitable assignee of a *chose in action* is estopped by the verdict and judgment thereon, in the same manner as if he were a party to the record.

Of probable cause for a civil prosecution.

This was an action on the case, in which the defendant was charged, in the *first* count, with maliciously instituting and prosecuting an action against the plaintiff on certain notes of hand, (which had been deposited with him for safe keeping,) in the name of *Thomas G. Clark*, to whom they were payable, knowing the same had been paid. In the *second* count, he was charged with instituting and prosecuting the same action in the name of said *Clark*, without any authority from him, and knowing them to have been paid;—but without the imputation of any malicious motives.

At the trial, which was before *Weston* J. upon the general issue, it appeared that in 1817, the defendant and *Clark* bought of one *Purinton* certain land and privileges, for which they gave their promissory notes, the payment of which was secured by mortgage of the same premises. *Clark* afterwards sold his part of the purchase to the plaintiff and *Charles Eaton*, who, it was first agreed, should give their notes to *Purinton* on account of what was due to him; but upon his declining to receive them, the notes given severally by *Eaton* and *Rogers* were made payable to *Clark*, it being agreed that they should be deposited with the defendant,

and that the proceeds, when collected, should be paid over to *Purinton*. They were accordingly thus made and deposited; and the defendant gave to *Clark* a memorandum in the following terms;—" *Topsham, Nov.* 11, 1817. Then *Thomas G. Clark*, " lodged in my hands the following notes of hand, signed by *James* " *Rogers* and *Charles Eaton*, according to the request of said " *Clark*, *Rogers* and *Eaton*; there they are to remain until they " become due; after that the proceeds of them are to be paid " over to *Humphrey Purinton*, on the notes given by him for the " payment of the mortgage deed of the land and privileges bought " by the said *Clark* and *Reuben Haines*, in *May* 17, 1817, *Reuben Haines*."—Then followed a particular description of the notes after which the paper had the signatures of *Clark*, *Rogers* and *Eaton*.

*Clark* testified that he considered the deposit as made to *Haines*, as well as to *Rogers*; but that they had no view to the interest of *Haines*, who was a mere depositary.

*Eaton* testified that he sold his part of the purchase; and having given the security of another person as a substitute for his own, *his* notes, deposited with *Haines*, were given up to him, by the order of *Clark*. He said he believed there was no view to *Haines*' benefit, in the original deposit with him; but that *Rogers* said if *Haines* collected the money he should not have to pay it again, for *Haines* would pay it over to *Purinton*.

*Purinton* swore that after *Clark* had given a discharge to *Rogers*, he asked him why he did so; to which he replied that " he understood from *Rogers* that the thing was all settled."

It further appeared that soon after the notes were deposited, the plaintiff said they were left with *Haines* to be collected and paid on the mortgage to *Purinton*, for fear *Clark* would make way with the money; and that *Haines* had as much interest as the plaintiff had, in having the mortgage paid;—and that the plaintiff after obtaining a discharge from *Clark*, said " he had given *Clark* ten " dollars to sweeten it," and that the latter did not care, he having been for sometime insolvent.

It was also proved by the testimony of *Robert Orr*, Esq. that *Purinton* handed the notes to him, while a clerk in the office of the defendant's attorney; and that in 1818 or 1819 he saw a letter from the plaintiff, which was now lost, in which he acknowl-

edged the receipt of a letter respecting a note in favor of *Clark* against him, and added that *Clark* had no right or interest in the note, which had been put in the hands of the defendant that it might be applied to extinguish the mortgage given to *Purinton*.

The plaintiff, in support of his action, gave in evidence a receipt from *Clark*, dated *May* 19, 1821, particularly describing the notes, and acknowledging satisfaction of the same in full; and containing a direction to the defendant, with whom they had been deposited, to deliver them up to the plaintiff, by whom they had been paid. And he proved that the defendant, when the paper was presented to him, and the notes demanded, refused to comply with the request; and afterwards caused the notes to be put in suit, and prosecuted the action for several terms, both in the Court below and in this Court, till it was finally terminated by judgment in favor of *Rogers*; the defence of which suit had caused him much expense beyond the items legally taxable in costs, and for which he claimed indemnity in this action.

It was contended on the part of the defendant that he had an interest in the subject matter of that action, which *Clark* could not control; that therefore he had a right to commence and prosecute it to judgment, notwithstanding his attempt to discharge it; —and that it was, proper for the jury to inquire and determine whether he had such interest or not.

But it being agreed that at the trial of the former action upon the notes before the Chief Justice, this question, which in that action was material, was distinctly submitted to the jury, who, being interrogated as to this point, on their return into Court, said they found that *Haines* had no interest in the notes,—the counsel for the present plaintiff contended that *Haines* was concluded by the finding of the jury in that case, and that the question of his interest in the notes was not open to a second examination. But the Judge, intending to reserve that question, instructed the jury to inquire into and determine the interest of *Haines* in the notes, at the time he put them in suit, upon the evidence before them ;— and further instructed them to find for the defendant, he having probable cause to believe that he was legally authorized to commence and prosecute the former action, though by law he might not have had such authority. The jury hereupon returned

a verdict for the defendant ; and, being interrogated by the Judge, said they found that *Haines had* an interest in the notes, at the time he put them in suit. The verdict was taken subject to the opinion of the Court upon the whole case.

*Allen* and *Fessenden*, for the plaintiff, directed their arguments chiefly to the case as presented in the second count, insisting that the defendant having without authority commenced a groundless suit against the plaintiff, in the name of *Clark* an insolvent man, to enforce the payment of notes which he knew were already paid, the act was at his own peril, and he ought to respond the actual damages he had thus caused the plaintiff to suffer. It is not for him to say that he had an equitable interest in the notes ; for that point was settled against him in the former suit, brought for his benefit in the name of *Clark*, and it ought not again to be controverted. 1 *Phil. Ev.* 242. *Calhoun v. Dunning* 4 *Dal.* 120.

*Orr*, for the defendant. The ground of the present action is malice, and the want of probable cause in the former suit. No express malice having been proved, the question now turns upon the existence of probable cause. The jury have found that *Haines* had an equitable interest in the notes, which were assigned to him, though payable to *Clark*, to redeem the property they had jointly mortgaged. Whether *Clark*, under these circumstances, could release the notes, in the hands of *Haines*, was a question of law, on which he could not act but under legal advice and therefore not maliciously. And the point that probable cause existed, for the attempt to enforce the collection of them at law, is established by the case of *Clark v. Rogers* 2 *Greenl.* 143. If the jury in that case found other facts constituting a defence, they have no bearing on the present question. *Johnstone v. Sutton* 1 *D. & E.* 547.

It does not appear that there was either an arrest of the plaintiff, or an attachment of his goods, in the suit complained of ; and in such cases the statute giving costs to the party prevailing, must be considered as providing a sufficient indemnity. It is hardly conceivable that motives of self interest should be stifled by mere malice ; or that malice may be presumed against so natural

and strong a bias. And it is settled that even an arrest for a debt after it has been satisfied, is not sufficient to fix the charge of malice. *Gibson v. Chaters* 1 *Bos. & Pul.* 129. *Scheibel v. Fairbain ib.* 388. *Lindsay v. Larned* 17 *Mass.* 190. *Co. Lit.* 161, note 297. *Potts v. Imlay* 1 *South.* 330. *Bieten v. Burridge* 3 *Camp.* 139. As to the matter relied on by way of estoppel, it is not matter of record.

MELLEN C. J. delivered the opinion of the Court.

This case presents two questions ;—1. whether the verdict in the case of *Clark* against the present plaintiff is conclusive against the defendant as to the question of his interest and property in the notes on which that action was founded, and 2dly, whether the instructions of the Judge touching the other points respecting the defence were correct. As to the first point, it is a general rule that a verdict cannot be evidence for either party, in an action against one who was a stranger to the former proceeding ; who had no opportunity to cross examine witnesses or to defend himself or appeal from the judgment against him. On this point authorities are needless. But the inquiry is, was *Haines* a stranger to the former proceeding ? *Clark* was the plaintiff on record in that case; but it is not denied that the suit on the notes lodged with him and payable to *Clark*, was commenced and prosecuted at the expense and for the benefit of *Haines*. He therefore does not come within the reason of the rule ; inasmuch as he had an opportunity to cross examine witnesses and conduct the suit according to his own judgment. In this view he would seem as much bound by the former verdict, as though he had been an indorsee of the notes and had sued them in his own name ; and that verdict was founded on a want of interest and property in him, which would prevent the operation of *Clark's* discharge of the notes. In the case of *Calhoun v. Dunning* 4 *Dal.* 120, it was decided, that when the parties are really, though not nominally the same in both cases, as when one suit is in the name of the person beneficially interested, and the other is in that of his trustee, the record in the first case was evidence in the last. That case appears to be similar to this, on the point under considera-

tion. But it has been urged that the principle cannot be applicable in this case, because the record of the former case does not show that the question in relation to *Haines'* interest was decided against him ; but that the fact appears only from the statement of the conversation held between the Court and the jury ;—still it appears by the report that the proof of the above facts was introduced without objection and is now before us ; and perhaps we are authorized, on that account, to give it the same effect, as though it was a part of the record ; however, we give no definite opinion on this point ; but place our decision of the cause on another ground; and without reference to the question of *Haines'* interest and property in the notes beforementioned. Supposing he had no such interest, is the present action maintainable ? Do the facts proved support the declaration ? If not, we ought to render judgment on the verdict, even if the opinion of the Judge was erroneous on the point of *Haines'* interest and the conclusiveness of the former verdict. The charge in the first count is that the defendant maliciously instituted and prosecuted the plaintiff, on the notes mentioned, knowing the same to have been paid. The second count states that he prosecuted the suit on the notes without any authority, knowing the same to have been paid to *Clark*. Both counts charge the defendant with gross misconduct and a wanton abuse of legal process. The counsel for the plaintiff, in his opening, waived all observations on the first count and admitted that it could not be maintained ; inasmuch as the case shews no malice on the part of the defendant in the prosecution of the action. He was doubtless satisfied of the propriety of so doing by the authorities, adduced by the counsel for the plaintiff, which seem satisfactory upon that point. But it has been contended that the charge contained in the second count is supported by the proof. The Judge instructed the jury that from the facts, it appeared the defendant had probable cause for believing he was legally authorized to commence and prosecute the suit, though by law he might not have had such authority, and therefore that the defendant was entitled to their verdict. An examination of the facts will shew whether this opinion was correct.

It is true that the defendant knew that *Clark* had given a receipt or discharge of the notes, bearing date *May* 19, 1821; and

because he doubted *Clark's* right to give such a discharge, and the fairness of the transaction, he had refused to deliver up the notes to *Rogers* ;—but some other facts demand attention. It is also true, that at the time said receipt bears date, and before *Clark* was well known to be insolvent, and it appears that after *Rogers* had obtained the receipt, he stated to one of the witnesses that he " gave *Clark* ten dollars to sweeten it ; and that *Clark* did not care." These expressions cannot be misunderstood ; they evidently mean that for such a trifling sum paid to *Clark*, the discharge had been obtained, and an order on *Haines* for the notes. Besides, Mr. *Orr* has testified that he saw a letter from *Rogers*, the plaintiff in 1818 or 1819, in which he stated that *Clark* had no right or interest in the notes ; and yet with this knowledge, he procures the discharge from this very man in 1821. It is true, there is no direct proof that these declarations had been communicated to the defendant, but he certainly knew that the purpose for which they had been deposited in his hands, had not been accomplished, because the debt, to secure the eventual payment of which they had been deposited, had not then been paid, as appears by the report of the case of *Clark v. Rogers* 2 *Greenl.* 143. These circumstances might well give him good cause for believing that the notes were justly due, when he commenced the action, notwithstanding appearances ; and thus the presumption of illegality of intention or conduct is negatived. In addition to all this it may be remarked that *Haines* might have had knowledge of the above declarations of *Rogers*, as to *Clark's* total want of interest in the notes, and as to the manner in which he had obtained the discharge from *Clark* ; and this circumstance becomes important, when we attend to the specific charge in the second count. The averment is that the defendant instituted and prosecuted the suit on the notes, without authority and knowing that they had been paid to *Clark*. It is an entire averment, and the *scienter* alleged, is an important and substantive part of the charge; and this must be proved, as well as the alleged want of authority. Now, on looking into the report, we see no fact, except the discharge itself, which has any tendency to prove such knowledge ; and the other facts proved in this case shew that the discharge amounts to no evidence of payment; for if not fraudulently obtain-

ed the plaintiff of *Clark,* he knew *Clark* had no right to discharge the notes, because he had no interest in them according to his own confession. An action of this kind should be maintained by clear and unsuspicious proof. But upon the evidence before us we think this cannot be. We have not deemed it necessary to attend to the principles of law particularly applicable to this second count ; or to inquire whether its averments go far enough; because we are satisfied that it is not supported by any sufficient evidence, even as it now stands ; and accordingly our opinion is that there must be judgment on the verdict.