ANDERSON, J.,
delivered the opinion of the court.
This is an action of debt which was instituted in the county court of Loudoun county, in the name of William B. Grubb, for the use of Joseph P. Grubb, against Craven James, executor of Mahlon Morris, deceased, on two bonds, each for the sum of $532.50, together $1,065, purporting to have been executed on the 12th day of April, 1856, by Robert W. Morris and Mahlon Morris jointly and severally, to the said William B. Grubb, payable, one of them, on the first day of April, 1860, with interest from the first day of January, 1856, and *the other on the first day of April, 1861, with like interest. Both of said instruments were assigned by William B. Grubb to Joseph P. Grubb, for whose use this suit was brought.
The defendant pleaded two pleas, one non est factum, and the other, payment; on each of which issue was joined. The jury found for the plaintiff the sum of $651.81, with interest from the first day of April, 1861. Thereupon the defendant moved the court to set aside the verdict and grant him a new trial; which motion was overruled by the court and judgment entered for the plaintiff; and the defendant excepted.
In the progress of the trial, on motion of the defendant, the following bill of exceptions was signed and sealed by the court and made a part of the record, viz: “Be it remembered that on the trial of this case the plaintiff having introduced evidence tending to prove that Joseph P. Grubb, the assignee of the bonds sued on in this case, and the person for whose use this suit was brought, sent his brother, Samuel N. Grubb to Mahlon Morris to obtain from Morris an acknowledgment and delivery of said bonds, and then offered as a witness said Joseph P. Grubb. To the examination of said Grubb as a witness the defendant, by his counsel, objected, but the court overruled the objection of the defendant as to the competency of said Grubb, and allowed the said Grubb to be sworn as a witness, to which action of the court the defendant excepted, and tendered this his bill of exception,” &c.
It appears from the foregoing bill of exceptions that the objection to the introduction of Joseph P. Grubb as a witness was to his competency, but the ground of his incompetency - is not expressed; but that may be gathered from the fact of the death of Mah *105 Ion Morris, the suit being against his executor, from the character of the issues, and the purpose for which the evidence referred *to in the bill was introduced; and it is that Joseph P. Grubb, the substantial plaintiff in the suit, was a party to the transactions which were put in issue by the pleas, and were the subject matter of investigation, the other party to the transaction, Mahlon Morris, being dead.
The defendant, in his plea of non est factum, craved oyer of the instruments upon which the suit is founded; and it appears upon the face of the assignment of the first bond, that it was made on the 12th of April, 3856, and the assignment of the second bond is dated as of the same date; and it appears from the list of payments filed with the plea of payment, that they were all made subsequently to the said assignments; and it is conceded by the judge of the circuit court, in the lifetime of Mahlon Morris. Consequently, if made at all, they were made to Joseph P. Grubb, in the lifetime of Mahlon Morris, the testator of defendant. Consequently, the said Joseph P. Grubb was a party to the transaction which was the subject of investigation under the plea of payment; and the said Mahlon Morris being jointly bound with Robert W. Morris, if bound at all, in the bonds in satisfaction of which the payments were claimed to have been made, was a party to the transaction which was the subject of investigation under the plea of payment, as well as to that which was the subject of investigation under the plea of non est factum.
The court is of opinion that the transaction under investigation, upon the first issue being the factum of the bonds, and the evidence introduced by the plaintiff being for the purpose of showing an acknowledgment and delivery of the bonds by Mahlon Morris to his agent for him after he became the assignee thereof, shows that he relied upon the declarations and act of delivery by Mahlon Morris in his lifetime, made to him or his agent, in support of the issue on his part. The transaction, which was the subject of investigation upon that issue, was consequently *a transaction between Joseph P. Grubb and Mahlon Morris, in the lifetime of the latter, and he being dead, Joseph P. Grubb was incompetent to testify in the cause.
But it is contended that he was competent to testify under the issue of payments. All the payments claimed to have been made, were claimed to have been made in the lifetime of Mahlon Morris, and whether made by him or Robert W. Morris, they were payments which he was jointly bound with the said Robert to make. They were payments upon obligations, for which the plaintiff alleges he was jointly bound, and which were in discharge pro tanto of his obligations, if any such devolved on him. Mahlon Morris, as is aptly said by counsel for plaintiff in error, “may have been cognizant of the facts connected with the payments — the amount — source from whence derived — and the understanding as to their application.” It is immaterial whether the payments were made by him or by Robert Morris, they were made in satisfaction of his alleged obligation, which was matter in issue in this suit. Mahlon Morris was one of the original parties to these transactions, and was dead; and Joseph P. Grubb was an original party to the transactions under investigation, upon both of the issues — to the former, if he could establish the factura by showing the acknowledgment and delivery of the bond by Mahlon Morris to his agent after he had acquired possession of the instruments by assignment from William B. Grubb; to the latter, as all the payments were made and claimed to have been made to him in the lifetime of Mahlon Morris. He was not competent to testify in relation to their transactions, when the other party, in consequence of his death, could not testify.
But his competency must be determined by his relation to the subject matter of investigation, and not by his testimony *givcn at the trial. Mason & als. v. Wood, 27 Gratt. 783. The principles of that decision are reaffirmed in Grigsby & als. v. Simpson, ass’ee, &c., 28 Gratt. 348. Judge Christian, speaking for the whole court, said: “If the contract or transaction was with a person who has deceased, the other party is not admitted as a witness át all, and cannot testify to any fact in the case.”
The court deems it unnecessary to express any opinion upon the exception to the ruling of the court refusing a new trial, as j the cause will have to go back upon the assignment of error, already considered, and the defendant below will have the benefit of a new trial, and inasmuch as there is no question of law arising upon the latter assignment of error, which needs to be decided now for direction to the court below in the new trial, and it is not proper for this court, as there is to be another trial, to express unnecessarily any opinion on the facts of the case as they are set out in the bill of exceptions.
A writ of error was awarded by the circuit court of Loudoun county to the aforesaid judgment of the county court, which affirmed the same, and the cause is here upon a writ of error to the judgment of the said circuit court.
The court is of opinion to reverse the judgment of the circuit court with costs, and to remand the cause to said circuit court with instructions to that court to reverse the judgment of the county court, to set aside the verdict and grant the defendant below a new trial, upon which second trial, if Joseph P. Grubb should be again offered as a witness he should be excluded.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the county court of Loudoun erred in overruling the objection of the defendant below to the competency of Joseph P. Grubb to testify rin the cause, and in admitting him to give testimony to the jury on the trial of the issues in the cause, and that *106 consequently the judgment of the-circuit court affirming the judgment of the county court is erroneous. It is therefore considered, that the judgment of -the. circuit court be reversedand annulled, and-that the defendant in error do pay to the plaintiff in error his costs expended in the prosecution of his writ of error here. And the cause is remanded to .the said circuit court with instructions to reverse the judgment of the county court, set aside the verdict of the jury, and grant the plaintiff in error a new trial. And if upon said trial the said Joseph P. Grubb should be offered again as a witness, he should be excluded as incompetent to_ testify in the cause, according to the principles declared in the opinion of this court filed with the record.
Judgment, reversed.