IRA BACHELDER AND MARTIN GROSS v. JOHN B. BROWN, EXECUTOR ET AL.

*Facts equally known to deceased party—Witness.*

Where an executor brings suit upon negotiable paper, and a third person claims the paper and takes upon himself the defense of the suit on that ground, such third person is to be deemed an adverse party to the executor, and he cannot be sworn as a witness in the case as to the facts which, if true, must have been within the knowledge of the testator.

The judgment that would be rendered under such circumstances would bind the interest of the third person defending, to the same extent as if he were a party to the record.

The question of the exclusion of such person from testifying is not affected by the fact that the plaintiff put in no evidence of the ownership of the note by the estate except what was furnished by his possession of the paper,—especially where the defendant's evidence has already shown that the sole controversy in the case is whether the note is owned by the witness or by the estate.

Error to Jackson.   Submitted Oct. 20.   Decided Jan. 11.

Assumpsit.   Defendants bring error.   Affirmed.

*Conely & Lucking* for plaintiffs in error.

*A. & C. A. Blair* for defendant in error.

Cooley, J.   Brown, as executor of the will of Mary Thorp, brought suit in justice's court against Bachelder and Gross on a promissory note dated March 26, 1879, made by Bachelder payable to the order of Gross and by Gross endorsed in blank.   The general issue was pleaded, and this admitted the plaintiff's representative character.   *Vickery v. Beir* 16 Mich. 50.   The plaintiff had judgment before the justice.

On the trial in the circuit court on appeal, the plaintiff put the note in evidence and rested on this *prima facie* case.   In defense evidence was then offered tending to show that the note did not belong to the estate, but to Warren Thorp, surviving husband of the testator; that it was originally given by Bachelder to Gross, and by Gross was transferred to Warren Thorp before his wife's death in payment for a mare which he had sold to Gross; that the mare when sold was the property of Warren Thorp; that when he received the note from Gross he placed it in his wallet and carried it for some time; that early in April, 1879, Thorp broke up house-keeping and rented his farm, intending to take his wife to Colorado for the benefit of her health, she being consumptive; that they went to stay for a time at her mother's before starting, and that while there his wife grew worse and died in July, 1879; that through some mistake said Warren Thorp misplaced the note and was unable to find the same after his wife's death, and the next known of it was that it was in the hands of the plaintiff; that said Warren Thorp kept his wallet a part of the time in a little trunk belonging to a son, in which were placed such valuable papers as belonged to himself and his wife.

The defendants then called Warren Thorp himself as a witness, and put to him this question :   " Whose horse was

it you sold to Martin Gross?" The following proceedings thereupon took place:

"*Counsel for plaintiff.* 'I think I will object to this. He is not a competent witness to prove anything she must necessarily have known, on account of the statute. He is the adverse party. It was stated in the court below by Mr. Gross and Mr. Bachelder that they declined to defend, and Mr. Lucking who there tried it said, 'We will assume the defense,' and the defense was carried on by this party.

"*Court.* My present impression is that if the witness has undertaken the defense for these defendants, that he is within the meaning of the statute, and should be regarded as the adverse party. But it does not distinctly appear that she would have had any knowledge upon that subject if living.

"*Counsel.* The controversy in regard to title is with her executor.

"*Court.* The presumption is, you say, she would have had some knowledge as to the ownership of the note if living; and he ought not to be allowed to testify on that subject?

"*Counsel.* Yes.

"*Court.* I think I am satisfied that Mr. Thorp should be deemed to be the adverse party to the controversy." And his testimony was thereupon excluded—and an exception was taken.

The statute under which this ruling was made is as follows: "That when a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person." Public Acts 1875, p. 184.

The case, as is obvious at a glance, is peculiar. The question ruled upon was, whether Brown as the personal representative of Mary Thorp, and Warren Thorp, her surviving husband, were opposite parties to the litigation within the meaning of the statute. Technically it is admitted that they are not opposite parties; for Warren Thorp is not named in the record, and does not in any manner appear in connection with the litigation until the defense is entered upon, and evidence is given tending to show that he, and not his

wife, was owner of the note previous to her decease. It was after this evidence was put in for the defense that he was offered as a witness. But the fact that Warren Thorp was not named in the record cannot be conclusive; for it often happens that the name of the real party does not appear. Negotiable paper may always be sued by the party having the legal title in the name of another; and so perhaps under the statutes of this State may be any claim which is the subject of assignment, and which the owner has assigned for the purposes of a suit. And when trustees sue for the benefit of *cestuis que trustent*, the latter are the substantial parties to the litigation. It has been held under statutes similar to this in their general purpose, that the substantial party is within the intent. *Morris v. Grubb* 30 Gratt. 286; *Gabbett v. Sparks* 60 Ga. 582; *Key v. Jones* 52 Ala. 238; *Drew v. Simmons* 58 Ala. 463; *Weinstein v. Patrick* 75 N. C. 344. In the case last cited it is decided that a defendant is to be considered under such a statute the opposite party to other defendants when his interests are with the plaintiff.

Where the fact which is to exclude a witness must be made to appear by extrinsic evidence, and may be the subject of dispute, there will sometimes be embarrassment in applying the statute; but no such embarrassment can arise from that cause in this case. The fact that the nominal defendants declined to make any defense, and that counsel thereupon assumed the defense on behalf of Warren Thorp, was stated in open court while he was on the stand, and neither disputed by him nor by the counsel. It therefore went into the bill of exceptions as an admitted fact. The bill of exceptions also shows that no other defense was attempted except that the note belonged not to the estate, but to this witness. It thus affirmatively appears that there was no controversy whatever except between the plaintiff as executor and this witness; and that if the claim of the witness to the ownership of the note were abandoned, judgment must have passed for the plaintiff as of course. The witness was therefore the only party contesting.

47 Mich.—24

The judgment rendered under such circumstances must bind the interest of Warren Thorp. It is true the general rule is that judgments bind only parties and their privies; "but it is equally true that those are held to be parties who have a right to control the proceedings, to make defense, to adduce and cross-examine the witnesses, and to appeal from the decision if any appeal lies." *Peterson v. Lothrop* 34 Penn. St. 223, 228. In this case *Calhoun v. Dunning* 4 Dall. 120; *Rogers v. Haines* 3 Me. 362; *Kinnersley v. Orpe* Doug. 517, and other cases, all of them different in their facts, are cited to illustrate the general rule; and it is added that courts will look beyond the nominal party, and treat as the real party him whose interests are involved in the issue, and who conducts and controls the action or defense, and will hold him concluded by any judgment that may be rendered. The same principle was affirmed in *McNamee v. Moreland* 26 Iowa 97; and in *Stoddard v. Thompson* 31 Iowa 80, it was applied under circumstances entirely analogous to those in the case before us.

But it was contended on the argument with much earnestness that the principle had no application here, for the reason that the suit was upon a negotiable note, and the plaintiff made no proof that the note belonged to his testatrix. He merely introduced the note and rested, and this any one might have done who had had possession of the note claiming it as his own. Therefore when Warren Thorp's evidence was excluded on the ground that the controversy was between him and the estate, it was not shown that the estate had any interest in the demand sued upon. If by this is meant that the fact was not conclusively shown, it is admitted; but neither could it have been by any evidence the plaintiff could have put in, short of an admission by the defendants in open court. Any showing the plaintiff might have made would have been open to contradiction by the defendants; just as much that which should come from witnesses as that given by the plaintiff himself in bringing suit in his representative capacity. If the objection has any force, it would hold good in any conceivable case in which

the interest of the estate was disputable. But in this case the objection is deprived of all plausibility by the evidence put in by Thorp himself. He showed very distinctly that the controversy was between himself and the estate.

A liberal construction of the statute ought not to be suffered to defeat its policy. *Mundy v. Foster* 31 Mich. 313, 331; *Downey v. Andrus* 43 Mich. 65. This case seems clearly within its intent.

The judgment should be affirmed.

GRAVES, C. J. and MARSTON, J. concurred.

CAMPBELL, J., dissenting. I think the court below erred in this case in ruling on the testimony. Warren Thorp was asked, "Whose horse was it you sold to Martin Gross?" The court ruled out this question on the ground that the suit against Bachelder and Brown was really defended by Thorp, and that the fact was one within the knowledge of Mrs. Thorp.

This last assumption was one which the court had no right to make. It took for granted a matter which was at least for the jury and not for the court to determine. The administrator had not on the opening shown that the note had belonged to his intestate. All of the evidence concerning the consideration came from the defence—who claimed she was a stranger to the transaction. To assume that she was so concerned as to make it certain she must have had knowledge on the subject which was protected against such a question as that put to Thorp was to assume what was not admitted and was at any rate a mooted point.

I am also of opinion that the court had no right to treat Thorp as the opposite party. The statute only excludes "the opposite party." The utmost that could be claimed here is that Thorp had an opposing interest. Such an interest would have excluded him under the ancient common-law rules, but when objections on the ground of interest were abolished, it was never held, so far as I have discovered, that the possession or claim of such an interest made such a person a party. In *McBride v. Cicotte* 4 Mich. 479, this

distinction is I think clearly recognized. I do not think we can properly regard any one as an opposite party whose position is not the same in its nature as that of the record parties. Now Gross and Bachelder were sued as responsible makers of the note. Thorp on the other hand claimed to be its owner and might have been made defendant in an interpleader suit on their behalf. His interests as to them were adverse and not identical.