## AMELIA ROTHSCHILD v. NATHAN BURTON.

### *Garnishment—Conflict of jurisdiction.*

Defendants in an attachment proceeding in the Federal court assigned a debt due them, and the debtor was afterward garnished and the assignee notified to appear in the Federal court and maintain the rights conferred by the assignment. The assignee did not appear and judg-

ment was rendered against the garnishee upon the statutory issue provided for by How, Stat. § 8085. The assignee meanwhile sued the garnishee in the State courts and recovered judgment. *Held*, on error, that the assignee was bound by the proceedings in the Federal court, which had possession of the principal controversy and could take cognizance of collateral issues.

Error to Wayne. (Speed, J.) April 24.—Sept. 29.

Assumpsit. Defendant brings error. Reversed.

*Griffin & Warner* for appellant, cited as to the obligation upon the assignee of a debt to appear on notice if the debtor is garnished, and be bound by the judgment against the garnishee: *Born v. Staaden* 24 Ill. 320; *Stevens v. Dillman* 86 Ill. 233; notice by a surety to his co-surety, of the pendency of suit, estops the latter in a suit for contribution, from claiming that he is not bound by the judgment: *Love v. Gibson* 2 Fla. 598; Bigelow on Estoppel, 66, 67; where one party is responsible over to another, and is duly notified of the pendency of suit and required to take upon himself the defense of it, he has the right to defend the action as if he were the nominal party, and if judgment is obtained without fraud or collusion it is conclusive upon him whether he appeared or not: *Littleton v. Richardson* 34 N. H. 179, 187; *Duffield v. Scott* 3 Term 374; *Boston v. Worthington* 10 Gray 496; *Chamberlain v. Preble* 11 Allen 370; Freeman on Judgments § 176; where a servant was sued for trespass in taking property, and the master defended the suit, and justified his servant in the taking, the judgment was conclusive on the master because he was bound to indemnify the servant, and a judgment in favor of the servant was a defense to an action against 'the master: *Castle v. Noyes* 14 N. Y. 329; where property is attached and the defendant or the general assignees are heard in reference to their claim thereto, they become parties and are bound by the judgment: *Moore v. Spackman* 12 S. & R. 287; if a bailor hires counsel to defend an action against the bailee, and puts his title in issue, the judgment concludes him: *Tarleton v. Johnson* 25 Ala. 300; a party who indemnifies an attaching officer, and who, when suit is brought, appears and has full control of its defense, is bound by the judgment as an estoppel in a subsequent litigation, to the same extent as if he were a party to the record: *Murray v. Lovejoy* 2 Cliff. 191; *Lovejoy v Murray* 3 Wall. 1; and is equally bound where, though not participating in the conduct of the suit, he was given due

notice of the action and was tendered an opportunity to assist in its defense: *Miller v. Rhoads* 20 Ohio St. 494; a purchaser, upon being sued for property in trover or replevin or in any other action involving the title, may give notice of the pendency and nature of the suit to the original vendor, and require him to defend or to assist in defending the same, and after such notice the vendor, whether he defends or not, cannot question the finding of title involved in the judgment: *Thurston v. Spratt* 52 Me. 202; *Gist v. Davis* 2 Hill Ch. 335; *Bender v. Fromberger* 4 Dall. 436; *Hamilton v. Cutts* 4 Mass. 339; see *Prentiss v. Holbrook* 2 Mich. 372.

*Geo. S. Hosmer* (*Dickinson, Thurber & Hosmer*) for appellee. Where the proceedings which an assignee is cited to defend are not by way of plenary suit, the judgment therein is not of binding force: *Smith v. Mason* 14 Wal. 419; *Marshall v. Knox* 16 Wal. 551.

SHERWOOD, J. On the 7th day of March, 1884, the defendant was indebted on an open account for goods sold and delivered to the firm of Rothschild & Sittig, composed of Raphael Rothschild and Charles Sittig, in the sum of $164.15. On that day Rothschild & Sittig assigned the account to the plaintiff. March 3, 1884, Leopold Erstein and Marx Erstein, simple contract creditors of Rothschild & Sittig, commenced a suit by attachment against them in the Federal court in Detroit, and on the 17th of June, 1884, recovered judgment in their suit for $686.62.

Prior to the rendition of this judgment, and on the 25th day of April, 1884, they caused garnishee proceedings to be commenced against the defendant, Nathan Burton, who was served the same day with the writ of garnishment, and on the 21st day of May thereafter, defendant filed a disclosure admitting the indebtedness on the day of the service of the writ, but states that previous thereto he was notified of the assignment of such indebtedness to plaintiff by the assignors, and that if such assignment was valid, he did not, on the day the writ of garnishment was issued, owe to the firm of Rothschild & Sittig any sum of money whatever. On the same day, after the disclosure was filed, the attorneys for the plaintiffs in attachment filed in the United States circuit court

a demand for a statutory issue in the cause, and an issue was thereupon formed between the parties, whereunder said plaintiffs sought to recover the said indebtedness mentioned in the disclosure. The plaintiffs in the attachment proceeding claim the said assignment is fraudulent as against their right to have the indebtedness applied to the payment of their judgment against Rothschild & Sittig. The Ersteins obtained their verdict on the 11th, and their judgment in their principal suit on the 17th day of June, 1884.

On the 14th day of June the circuit court of the United States made an order in said suit that Amelia Rothschild, the plaintiff in this case, "do appear in said court and maintain her rights under the assignment to her in such manner and form as she may deem proper." She did not appear, and July 5th the statutory issue was tried in the Federal court, and judgment rendered against the garnishee defendant for the sum of $165.14, and further directed that when the money was collected it should be paid into court, subject to the further order of the court.

The suit in this case was commenced in May, 1884, before a justice of the peace in Detroit to recover the indebtedness assigned to her by Rothschild & Sittig. Before the justice the defendant set up in defense by plea in abatement the proceedings instituted against him in the garnishee suit, set forth down to the time of the commencement of this suit. The plaintiff filed a demurrer to the plea before the justice, which was sustained. The defendant then pleaded the general issue, and upon the trial the justice rendered judgment for the plaintiff. The case was then taken to the circuit court for the county of Wayne by appeal. The defendant then filed a plea puis darrein, setting up the entire proceedings to judgment had against him in the United States court, as hereinbefore set forth, and the payment of the money into court as required in said judgment, as a bar to the plaintiff's suit. A trial of the case was then had before a jury, who, under the instructions of court, returned a verdict for the plaintiff, and the case is before us on error. No additional facts to those above stated appeared upon the trial.

This case presents very strikingly the rigor and hardship to which garnishees are not unfrequently subjected under the provisions of the present law. Here the garnishee is brought before courts in different jurisdictions because he owes an honest debt, and his creditor happens to be a debtor to those who are entire strangers to the garnishee, having no business relations whatever with him, and although he is able, ready and anxious to pay his indebtedness without any neglect or delinquency on his part, he is compelled to appear in two courts and litigate two suits, made liable for costs in each case, or may be to an extent beyond that of the original indebtedness, and then held liable to pay the latter in each suit. The judgment in one jurisdiction not being appealable, however erroneous it may be, he has no means of escape therefrom.

It is not surprising that courts have felt it their duty to pronounce the garnishee proceeding a harsh one, and restrict it to cases within the letter of the law. This does not properly characterize its effect in certain cases, under certain of its provisions. An actual fraud upon the rights of the garnishee is not unfrequently the result of some provisions of the statute, and it is to be hoped that this seriously oppressive feature may at an early day receive the remedial attention which alone can be given by the Legislature of our State, that it may be so modified that a poor debtor, who is ready and willing to pay his debt when due, may be permitted so to do without being subjected to the vexation and expense of two or three lawsuits, and then be obliged to pay it a second time.

Counsel for plaintiff in this case claims that the section of the statute under which the defendant insists the Federal court obtained jurisdiction (How. Stat. § 8056) of the plaintiff is unconstitutional; that even though it be held constitutional it does not apply, if at all, to money indebtedness, but to goods and chattels only within the control or custody of plaintiff; that in no event can the plaintiff's rights be determined in any other manner than by a court in which he may have his case tried by jury, and the

statute referred to secures to him no such right; that such right, as well as the manner of proceeding, is left entirely in the discretion of the court; that as matter of fact the defendant never notified the plaintiff to appear in the garnishee proceedings in the Federal court, or would have permitted her to have defended in his name, nor does the order made by that court grant her the privilege of so doing. He also claims that the affidavit in the garnishee proceedings was insufficient to give the court jurisdiction in the case. It is true, as was well said by Chief Justice Cooley in *Bachelder v. Brown* 47 Mich. 366, "the general rule is that judgments bind only parties and their privies; 'but it is equally true that those are held to be parties who have a right to control the proceedings, to make defense, to adduce proofs, and cross-examine the witnesses, and to appeal from the decision if any appeal lies.' *Peterson v. Lothrop* 34 Penn. St. 223, 228. In this case, *Calhoun v. Dunning* 4 Dall. 120; *Rogers v. Haines* 3 Me. 362; *Kinnersley v. Orpe* Doug. 517, and other cases, all of them different in their facts, are cited to illustrate the general rule; and it is added that courts will look beyond the nominal party, and treat as the real party him whose interests are involved in the issue, and who conducts and controls the action or defense, and will hold him concluded by any judgment that may be rendered." *McNamee v. Moreland* 26 Ia. 97; *Stoddard v. Thompson* 31 Ia. 80; *Byrne v. Beeson* 1 Doug. (Mich.) 184. But before the judgment can have this effect, the court in which the suit or proceeding is had must have in some manner acquired jurisdiction in some legal manner constituting due process of law, and in which the right to divest him of his property may be passed upon by a jury, if he shall desire the same.

There is no question but that the Federal court obtained jurisdiction, and rendered a valid judgment in the original suit, or, at least, that is not questioned in this record; and if we concurred that the court acquired the right under its writ of garnishment to take further proceedings, and bring before it the plaintiff to have her right to the claimed indebtedness investigated and legally determined, it could only

be done, as we have said, by due process of law. The order entered by the Federal court can in no sense be given any such construction. The right to appear and contest under all the provisions of the Constitution, when a person's rights are invaded or brought in question, for the purpose of final adjudication in any court, State or Federal, is not left to the discretion of the court. This question was fully discussed by my brother Champlin and decided in the case of *Risser v. Hoyt* 53 Mich. 185 ; and the view there taken applies to this case with much force. Here it is sought to conclude Mrs. Rothschild by a judgment in a suit to which she was never made a party, and with one of the parties to which she never had any dealings, without her ever having in any manner been brought in to defend, or ever having been served with any process, or in any way appearing or having been defaulted. This cannot be done under our Constitution and laws; and without the record showing any legal steps ever having been taken against her such defense can never be maintained against the claim of the plaintiff. Neither do I think that the section under which it is insisted that this plaintiff is estopped from making her claim applies to this kind of indebtedness sought to be held in this case; but, as contradistinguished therefrom, it has reference to such goods and chattels as the garnishee has in his manual possession, or under his actual control, and should be so restricted. But it is unnecessary to discuss this branch of the case, or that relating to the adequate consideration and bona fides of the assignment.

It is impossible, in my judgment, for this Court to relieve this defendant from the possible consequences of an affirmance of the judgment in this case. That relief must be obtained, if at all, in the Federal court, which I have no doubt would furnish any needed remedy in its power to avoid oppression resulting from the enforcement of its orders, judgments or decrees. However this may be, our duty seems to me plain and imperative, and

The judgment at the circuit should be affirmed.

Cooley, C. J.   I think Mrs. Rothschild was bound by the proceedings in the Federal court.   That court had possession of the principal controversy, and it was entirely within its jurisdiction to take cognizance of controversies like the one before us, which were collateral to the main suit.   Such cognizance was taken and Mrs. Rothschild notified.

Campbell and Champlin, JJ. concurred with the Chief Justice.