SABINE HARDWOOD CO., Limited, v. WEST LUMBER CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1918.)

No. 3093.

JUDGMENT ☞675(1)—CONCLUSIVENESS—PERSONS CONCLUDED.

Where an attorney, having acquired his client's interest in land on his own behalf, resisted the second suit to reform a decree affecting title to the land, appearing in that litigation for his own benefit and preparing a plea of disclaimer for his client, such attorney, though not formally made a party, is concluded by the decree therein.

Appeal from the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Suit by the Sabine Hardwood Company, Limited, against the West Lumber Company and others. From a decree for defendants (238 Fed. 611), complainant appeals. Affirmed.

W. D. Gordon and Henry G. Russell, both of Beaumont, Tex., for appellant.

C. L. Carter, of Houston, Tex., and Chas. T. Butler, of Beaumont, Tex., for appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. By this suit the appellant asserts an interest in land claimed to have been acquired by a conveyance of W. D. Gordon to it. Whatever interest Gordon had was involved in a suit in which a final decree was rendered on December 4, 1911. Gordon was the attorney for H. P. Weir, a party to that suit. After the rendition of the decree just mentioned, Gordon acquired Weir's interest in the land involved in the suit. In May, 1912, persons who had been parties to the suit in which the decree mentioned was rendered brought in the same court against Weir and others a suit, an object of which was to reform the decree rendered in the former suit. Gordon was not named as a party to that suit. Weir by a plea which was prepared by or at the instance of Gordon, set up that he was no longer interested in the subject-matter of the suit, that prior to the institution of that suit he had sold and conveyed all his interest to Gordon, and that Gordon, after the institution of that suit, sold and conveyed his interest to the Sabine Hardwood Company, the appellant. Gordon actively participated in the trial of the second suit, which resulted in a judgment or decree reforming the one previously rendered. He examined and cross-examined witnesses, prepared charges, and made an argument to the jury. He conducted such resistance as was made to the granting of the relief sought by the plaintiffs in the suit. It is not disputed that, if he was bound by the decree rendered in that suit, the claim asserted by the appellant cannot prevail.

Gordon had a property interest in defeating the relief sought in the second suit. It was plainly disclosed that Weir, his former client, was no longer concerned. A denial of the prayed-for reformation of the

former decree would have inured to the benefit of Gordon and his corporation grantee, practically all of the stock of which he owns. In assuming and managing the defense made, he was undertaking to protect an interest of his own. From the fact that he was not nominally a party to the suit, it does not follow that he was not bound by the result of it. When one who has a property interest in defeating relief sought in a suit openly takes substantial control of the defense made, he is bound by the judgment rendered, the same as if he were the nominal, as well as the real, defendant. Bachelder v. Brown, 47 Mich. 366, 11 N. W. 200; Parr v. State, 71 Md. 220, 17 Atl. 1020; Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078; Lovejoy v. Murray, 3 Wall. 1, 18 L. Ed. 129; 1 Freeman on Judgments (4th Ed.) § 174; 2 Black on Judgments, § 540. To say that Gordon was not bound by the decree rendered in the second suit would amount to saying that one may have a trial by a court having jurisdiction of an issue in which he has a property interest, without affecting his right to raise the same issue in a subsequent suit. It was clearly disclosed to the court that Gordon was not representing another, who claimed to have an interest that could be adversely affected by the granting of the relief sought, and that his activities in the suit were in behalf of himself, and no one else. It could not have been made plainer that the defense attempted was his own, if he had been formally substituted as a defendant in the place of Weir, who made it known to the court that at the time the suit was brought he was not interested in the litigation, but that Gordon, who had succeeded to his interest, was. The only contest to which the suit gave rise was one in which Gordon took the part of the real defendant. Formal intervention was not necessary to make him a party bound by the decree rendered.

The decree appealed from is affirmed.