INGRAM *v.* GRUTSCH.

WITNESSES—OPPOSITE PARTY—MATTERS EQUALLY WITHIN KNOWL-
EDGE OF DECEASED.

In a suit by the mortgagor against the administrator of
the deceased mortgagee's estate to determine the amount
owing on the mortgage and to restrain foreclosure, the
surety whose property was pledged to secure the debt,
the purchaser of part of the mortgaged property, and
the debtor who was primarily liable to pay the debt, were
all within the class of "opposite party," as defined by the
statute (3 Comp. Laws 1915, § 12553), and their testimony
was therefore inadmissible because equally within the
knowledge of the deceased.[1]

Appeal from Charlevoix; Gilbert (Parm C.), J.
Submitted April 28, 1926.     (Docket No. 88.)     De-
cided July 22, 1926.

Bill by Charles Ingram against Carl Grutsch, ad-
ministrator of the estate of Thomas Hunt, deceased,
to determine the amount due on a mortgage, and to
restrain foreclosure proceedings.     From a decree for
plaintiff, defendant appeals.     Reversed, and bill dis-
missed.

*E. A. Ruegsegger,* for plaintiff.

*Clink & Williams,* for defendant.

BIRD, C. J.     On January 5, 1920, Lyman Green
applied to Charles Ingram for a loan of $150.     In
order to comply with the request Charles Ingram
borrowed $150 of Thomas Hunt and secured it by a
mortgage on his home.     In turn Lyman Green gave
Charles Ingram his note for the same.     These parties
were all related, and at the time the deal was con-

---

[1]Witnesses, 40 Cyc. pp. 2272, 2312.

summated it was agreed that Lyman Green could make payments on the note and mortgage directly to Mr. Hunt. In the fall of 1923 Thomas Hunt died, and shortly thereafter his wife died. She had transacted most of her husband's business affairs. After the death of the parties the mortgage was found with indorsements for three annual payments of interest. Being unable to agree as to how much was due on the mortgage, Hunt's administrator foreclosed it by advertisement, and this bill was filed to have the amount due determined and to restrain the foreclosure proceedings. The parties were in serious disagreement as to the amount due on the mortgage. The plaintiff claimed and the court found that there was due only $25.50. The amount claimed by the administrator on the foreclosure was $264.09. Upon the issue as to how much was due, Charles Ingram, the plaintiff, and John Ingram, his brother, and Lyman Green were permitted to testify, over defendant's objections that the testimony was equally within the knowledge of the deceased, and, therefore, incompetent, under 3 Comp. Laws 1915, § 12553. This raises the meritorious question in the case.

The testimony of Charles Ingram, the plaintiff, was inadmissible because he was a surety and his property was pledged to secure the debt sought to be recovered. The testimony of his brother John was inadmissible because he had purchased a portion of the mortgaged premises and owned them at that time. The testimony of Lyman Green was inadmissible because he was the debtor and was primarily liable to pay the mortgage debt. The interest of these witnesses was antagonistic to the estate in the matter of how much was due upon the mortgage, and, therefore, they were within the class of opposite parties as defined by the statute. Their testimony should have been excluded. *Bachelder* v. *Brown,* 47 Mich. 366; *Cutter* v. *Powers,*

200 Mich. 375. . If the incompetent testimony be eliminated what remains is too uncertain to determine that the mortgage was paid down to any specified sum. The incompetent testimony is the convincing testimony in favor of plaintiff's version of the affair. The indorsements on the mortgage showed that three years' interest was paid. These should be, and probably were, taken into account in the foreclosure proceeding. We find no evidence of waiver by defendant. The plaintiff has failed to show that he is entitled to any relief by competent evidence.

The decree of the trial court will be reversed and the bill dismissed, with costs of this court to defendant.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.