## SCHMIDT v. POTTER.

Mortgage: STIPULATION FOR ATTORNEY'S FEE. Stipulation in a mortgage to the effect that "in the event of foreclosure $60 attorney's fee shall be by the court also taxed and included in the decree of foreclosure." *Held*, that the mere commencement of proceedings did not entitle plaintiff to collect the attorney's fee, that it was the decree which the parties referred to as the act of foreclosure, and that if defendant, after institution of foreclosure proceedings, but before decree, tenders to plaintiff the amount of the mortgage and costs accrued, he is discharged from further liability.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, DECEMBER 13.

ACTION for the foreclosure of a mortgage, and the recovery of an attorney's fee. The mortgage contained the following provision: "In the event of the foreclosure of this mortgage it is agreed that $60 attorney's fee shall be

by the court also taxed, and included by the court in the decree of foreclosure of this mortgage; and the mortgage shall also stand as security for the same, and the same shall be included in the special execution, and be made with the other money and costs on the sheriff's sale of said land."

On the 24th day of April, 1872, and at the first term of court after the filing of the petition, the defendant filed an answer alleging that on the 10th day of March, 1872, he tendered to plaintiff the full amount due and costs, except the $60 attorney's fee, which plaintiff refused to accept; and that on the 11th day of March he paid into court for the use of plaintiff the amount of the debt and costs, except attorney's fee, and denying that the attorney's fee was due. A demurrer to this answer was sustained, and judgment was entered for the full amount of the note including attorney's fee for foreclosing. Defendant appeals.

The only question made is upon the construction of the mortgage as to the liability of defendant for the $60 fee of attorney.

*Chase & Munroe* for the appellant.

*J. Stine* for the appellee.

DAY, J.— The mortgage provides that "in the event of foreclosure  *  *  *  sixty dollars attorney's fee shall be by the court also taxed, and included in  *  *  *  *  the decree of foreclosure." Appellant insists that this agreement has reference to the completion of foreclosure proceedings; while appellee contends that it refers to the commencement of such proceedings. Upon the one hand it is insisted that it would be unreasonable to allow the mortgagee, by simply placing an original notice in the hands of the sheriff for service, to fix the liability of his

Schmidt v. Potter.

debtor for the attorney's fee. And upon the other hand it is claimed that it would be unjust, after the creditor has incurred all the expense of the employment of an attorney, to allow the debtor just before decree to pay off the debt and costs, and discharge himself from liability for the fees of the attorney. On the score of reasonableness neither construction has any advantage over the other. Neither extreme case was probably contemplated by the parties at the time of making the contract. Nor can we adopt any construction which would be regarded as just in the one case, which would not be apparently unjust in the other. This being the case, the only proper course is to give to the words employed their usual and ordinary signification, for there is no reason for supposing they were employed by the parties or intended to be construed in any other sense. A foreclosure is the depriving the mortgagor of the right of redeeming a mortgaged estate. Strictly speaking, it does not occur, under our practice, until the sheriff's sale. It was not, however, used in this sense in this agreement.

The contract provides that the attorney's fee shall be taxed by the court, and included in the decree of foreclosure. It was the decree to which the parties evidently referred as the act of foreclosure; and this is the ordinary and general acceptation of the term. The construction contended for by appellees and adopted by the court below gives the same effect to the agreement as though it provided for the taxation of an attorney's fee in the event of the institution of a suit for the foreclosure of the mortgage. The parties might have made such a contract, but it seems to us they have not done so; and *non constat*, the mortgagor would have been willing to enter into such an agreement. It is not competent for this court, by construction, to substitute for the agreement of the parties, a contract which they have not executed, and probably would not have been willing to execute. If the construction here

adopted should have the effect in exceptional cases of preventing the mortgagee from collecting an attorney's fee for which he has incurred a liability, he will be compensated, at least in part, by a speedy collection of his debt. And it is to be borne in mind that the plaintiff who fails to recover an attorney's fee is left in the condition in which all suitors are placed by the common law. The party who wishes to occupy a different position must specifically stipulate for it in the agreement.

The judgment must be

Reversed.