[No. 472.   Decided October 20, 1892.]

CLARK–HARRIS COMPANY *et al.*, *Respondents*, v. D.
WILLIAM DOUTHITT, *Appellant.*

APPEAL — DISMISSAL — REINSTATEMENT OF APPEAL.

Where an appellant has full notice, through the brief and oral argument of respondent upon a motion to dismiss an appeal, of the insufficiency of the certificate of a statement of facts, but fails to suggest that the certificate does not correspond with the facts in the case and ask for relief against the action of the court below, he cannot, after a judgment of dismissal, have the cause reinstated for the purpose of withdrawing the transcript in order to have the judge's certificate amended to correspond with the facts.

Where an appellant has a petition for rehearing pending by which he seeks to reverse the action of the appellate court in dismissing his appeal, he cannot be heard upon a motion to reinstate the cause.

*Appeal from Superior Court, King County.*

*Turner & McCutcheon*, for appellant.

*Fishback, Hardin & McLean*, for respondents.

The opinion of the court was delivered by

HOYT, J.—Appellant moves to reinstate this cause, and asks leave to withdraw the transcript to enable the judge of the superior court to amend his certificate thereto, which by the judgment of this court heretofore rendered in the cause had been declared insufficient, and on that ground the appeal had been dismissed.   A motion to withdraw the transcript in order to enable a certificate of the superior judge to be amended to correspond with the facts, or for any other material correction of the transcript to meet the objections of the respondent, is a proper one to be made, and will, in ordinary cases, before the final determination of the cause, be granted.   This rule of practice is clearly shown by the authorities cited by counsel for appellant,

and has been frequently recognized and laid down by this court. And had this motion been made immediately after the filing of the respondent's brief in which objections to such certificate were raised it would undoubtedly have been granted without any terms whatever, and even up to the time of the final submission of the cause it would, upon proper suggestion and a sufficient showing why it had not been sooner made, have probably been granted upon such reasonable terms as the court saw fit to impose. But in this case the appellant, after having not only by the brief of respondent, but also by the oral argument upon the motion to dismiss, had his attention fully called to the insufficiency of such certificate, saw fit to stand thereon, and failed to ask this court for any relief whatever against the action of the court below in making the same, or even to suggest to this court that the certificate did not fully correspond with the facts in the case. Instead of so doing he awaited the decision of the court, and when he found that it was against him he for the first time sought to have such certificate changed. Under these circumstances in our opinion he is entitled to no relief, and the other party is entitled to have the judgment of the court treated as final. To hold otherwise would be to encourage a party to an action to await the decision of the court upon any doubtful proposition, and if against him ask to be relieved therefrom by alleging facts which resolved such doubtful question into a certainty in his favor. In other words, it would allow a party in order to save himself some little trouble that the exact facts might be made to appear, to take the judgment of the court upon the sufficiency of the partial statement of facts, and then if such decision was adverse to him suggest for the first time the additional facts, and upon such suggestion ask to be relieved from the effect of the judgment of the court upon the partial statement of facts upon which he voluntarily saw fit to rest his case.

None of the cases cited by appellant in our opinion present a case of this kind, and such a course would in our judgment be destructive of any proper practice in a court of justice. This, of course, will be sufficient ground for denying this motion; but there is another ground which is, if possible, more fatal to the position of appellant than the one above suggested. At the date he makes this motion, in which he asks to be relieved from the former judgment of this court, he has not accepted such judgment as final. He has at this time pending in said cause a petition for rehearing, and upon well settled principles of practice, so long as he is attempting to reverse the action of the court by a direct proceeding relating thereto, he cannot be heard in an application to be relieved from the effect of such decision. Motion denied.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.