[No. 840.   Decided April 13, 1893.]

JOSEPH M. LAMMON et al., *Respondents*, v. C. M. AUSTIN, *Appellant*.

FORECLOSURE OF MORTGAGE — ATTORNEY FEES.

Although a mortgage may provide for the payment to the mortgagee out of the proceeds of sale on foreclosure, of "counsel fees at the rate of ten per cent. upon the amount which may be found to be due for principal and interest by the said decree" of sale, the mortgagor is not liable to the payment of such counsel fee where, before the expiration of the time for answering in the foreclosure suit, he pays into court the full amount of principal and interest and costs to date.   (DUNBAR, C. J., dissents.)

*Appeal from Superior Court, Thurston County.*

*Charles H. Ayer*, for appellant.

*O. V. Linn*, for respondents.

The opinion of the court was delivered by

STILES, J. — This was an action to foreclose a mortgage upon real estate.   The note contained no provision for attorney's fees, but the mortgage had the following clause:

"And out of the money arising from said sale to retain the said principal and interest   .   .   .   together with the costs and charges of making such sale and of suit for fore-

closure, including counsel fees at the rate of ten per cent. upon the amount which may be found to be due for principal and interest by the said decree."

Before the time for answer expired, the defendant paid into court the full amount of the principal and interest and costs to that date, and demanded a dismissal of the complaint, but the court refused to dismiss except upon payment of the ten per cent. as counsel fees as specified in the mortgage.

Enforcing this contract exactly in accordance with the terms of it as agreed upon by the parties, we think the court below was in error, because the contract only provided for the payment of counsel fees out of the proceeds of the sale. *Stover v. Johnnycake,* 9 Kan. 367; *Wylie v. Karner,* 54 Wis. 591 (12 N. W. Rep. 57); *Monroe v. Fohl,* 72 Cal. 568 (14 Pac. Rep. 514); *Schmidt v. Potter,* 35 Iowa, 426.

The judgment is reversed. Appellant to recover all costs subsequent to the time of his payment into court.

HOYT, ANDERS and SCOTT, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I dissent. I think this contract, reasonably construed, provides for an attorney's fee when the suit is brought, by the strongest kind of an implication. I have no doubt such was the intention of the parties.