[No. 1532.  Decided April 15, 1895.]

# Nellie Douthitt et al., Respondents, v. A. E. MacCulsky et al., Appellants.

APPEAL — STATEMENT OF FACTS — MECHANICS' LIENS — ENFORCEMENT
AGAINST COMMUNITY PROPERTY — FORECLOSURE JUDGMENT — WHEN
WIFE BOUND.

Under Laws 1893, p. 115, § 10, exhibits and written evidence introduced upon the trial of a cause need not be attached to the statement of facts on appeal until it is certified, if appropriate reference to the exhibits has been made in the copy of the statement served upon respondents.

A lien notice which describes the husband as the "reputed owner" of the premises is not invalid, where it appears upon the trial in a foreclosure suit in which both husband and wife are joined, that the property was in fact owned by the community, but that such fact was not known to the claimant at the time of the filing of his lien notice.

Where several actions for the foreclosure of mechanics' liens were consolidated for trial, a decree rendered in the consolidated cause upon a finding that the ownership of the property was in the husband, when in fact it belonged to the community, is binding on the wife, when she had been made a party to some of the actions, knew of the pendency of the others, had appeared in the trial of the consolidated cause, and, having knowledge of the decree rendered therein, had failed to exercise her right of appeal.

A person may be bound by a decree, though not a technical party to the action, if he be interested in the subject matter of the action and exercise the right of participating in the defense thereto.

*Appeal from Superior Court, King County.*

*Carr & Preston, Fishback, Sapp & Ferry, Smith & Littell, Jenner, Legg & Williams*, and *Elder & Hardin*, for appellants.

*Thompson, Edsen & Humphries*, for respondents.

The opinion of the court was delivered by

Gordon, J.—Respondents have filed a motion in this court to strike the statement of facts from the

record because a copy of the statement served on counsel for respondents did not contain any of the exhibits or written evidence introduced upon the trial, but thereafter the same were, over the objections of the respondents, attached to the original statement and certified by the court.

Sec. 10 of ch. 60, Laws of 1893, p. 115, relating to the settling and certifying of statements of facts, provides:

"Depositions and other written evidence on file shall be appropriately referred to in the proposed bill or statement, and when it is certified the same or copies thereof, if the judge so direct, shall be attached to the bill or statement and shall thereupon become a part thereof."

The copy of the statement served in this cause made appropriate reference to the exhibits, etc., the judge who presided below has properly certified the statement including such exhibits, and we deem it immaterial whether the same were attached by counsel before the certificate was made, or attached by the judge. We think in either case the certificate is conclusive. The motion to strike is therefore denied.

On the 3d day of July, 1889, Charles McDonald and Elizabeth McDonald, husband and wife, were the owners of lot 6 in block 8 of Boren's Addition to Seattle, and on that day leased the same to respondent D. William Douthitt for a term of fifteen years. At that time, and for some years prior thereto, and at all times since, said D. William Douthitt and his corespondent, Nellie Douthitt, were and are husband and wife. Said lease was duly filed in the office of the auditor of King county, and thereafter the husband entered into a contract in writing with W. D. Farris, H. L. Wyatt and W. C. Stetson for the erection

of a four-story brick building upon said lot, said con-
tractors to furnish all materials and labor therefor.
The building was erected in pursuance of said con-
tract, but it appears that the contractors neglected to
pay for a large amount of material · furnished by dif-
ferent firms and corporations, for use, and which *were*
actually used, in the erection and construction of said
building; that thereafter, and some time during the
year 1891, these appellants, together with several other
persons so furnishing material, having filed their lien
notices, brought their several suits in the superior court
for said county for the purpose of foreclosing the same.
In all of said suits said contractors and respondent
D. William Douthitt were made parties defendant, and
in three of them respondent Nellie Douthitt, was also
joined as a party defendant and joined with her hus-
band in answering. In none of the suits brought by
these appellants, however, was she made a party, and
the lien notices filed by these appellants, respectively,
named the respondemt D. William Douthitt, as the
"reputed owner" of the premises upon which said
liens were claimed; and like allegations touching the
ownership of the leasehold and the building were
made in their respective complaints. In each of said
causes respondent D. William Douthitt appeared and
answered, and in his answer failed to deny said alle-
gations of ownership.

In the foreclosure suit brought by appellants Clark,
Harris and Grayson, partners as Clark, Harris & Com-
pany, the Star Paint Company filed a complaint in
intervention, in which complaint it was alleged that
D. William Douthitt and his said wife were the owners
of the building and the premises, and setting up a
claim of lien thereon. The respondents answered the
intervening complaint of the Star Paint Company, in

which answer they alleged affirmatively that D. William Douthitt entered into a contract in writing with said Farris, Wyatt and Stetson for the construction of said building, and that he had fully paid the contract price. In two of the other suits brought for the purpose of foreclosing liens upon said premises, the respective complaints alleged that the premises were owned by respondents D. William and Nellie Douthitt, and respondent Nellie Douthitt was joined as a party defendant therein.

Thereafter, on October 17, 1891, pursuant to an order of the court, all of said causes therein pending (brought, as hereinbefore stated, for the purpose of foreclosing liens upon said premises, being seven in all,) were consolidated; and on the 2d day of November, 1891, the same were brought on for trial. Upon the trial the court, among other things, found that the premises were leased to respondent "D. William Douthitt; that he is still the lessee . . . *and the owner of said term of years;* that upon said premises the said D. William Douthitt, lessee, erected a four-story brick building, now standing thereon, *and of which said Douthitt is the owner.*" On November 20, 1891, the court rendered its decree, establishing and foreclosing all of said liens excepting one only (which was not claimed by any of the parties appellant), said decree establishing said liens "upon all the interest of the said defendants, D. William Douthitt and Nellie Douthitt, his wife," in and to said premises, and directing "that said building, the said lease-hold interest and the term of years in said lot of land be sold [thereunder] . . . That the defendants D. William Douthitt and Nellie Douthitt, and each of them, be forever foreclosed of all interest, estate, claim, lien and equity of redemption in said described building and said described land, from

and after the date of the confirmation of such sale, excepting only such equity of redemption as is allowed by law for property sold under decree of foreclosure of mortgage." Respondent D. William Douthitt appealed from said decree to this court, and his appeal was dismissed. *Clark-Harris Co. v. Douthitt*, 4 Wash. 465 (30 Pac. 744); 5 Wash. 96 (31 Pac. 422).

In July, 1893, the respondents, Nellie Douthitt and D. William Douthitt, brought this action in the superior court of King county to perpetually enjoin the enforcement of said decree so rendered in such consolidated cause, in so far as said decree orders a sale of the property to satisfy said liens. They based their claim to relief on the alleged fact that Nellie Douthitt was not a party to, nor bound by, the former decree. The trial court granted the injunction, and the appellants here, defendants below, appeal therefrom.

Many questions of an interesting nature have been very ably discussed by learned counsel in presenting this appeal, but the conclusion which we have reached upon one of them disposes of the cause and relieves us of the necessity of considering any other. Respondents contend that the building and the leasehold interest are community property, and that in a suit to foreclose a lien upon community property the wife is a necessary party defendant; and this court has so decided in *Littell & Smythe Manufacturing Company v. Miller*, 3 Wash. 480 (28 Pac. 1035.)

Upon the part of appellants it is contended, first, that the consolidated cause was one action, and the respondents as parties to that cause are bound by the decree; second, that respondent, Nellie Douthitt, while not technically a party to each of the causes so consolidated, was nevertheless actually represented on the trial of the consolidated cause by counsel, and partici-

pated in the trial, and defended against the liens which were being asserted; that she had actual knowledge of the proceedings and did not appeal from the decree.

The proceedings to foreclose the liens were, so far as respondents are concerned, strictly *in rem*. No personal claim was made against the respondents, or either of them. As regards the ownership of the property upon which the liens were sought to be enforced, it could make no possible difference whether it was the property of the "community" or the separate property of one of the spouses. In either case it would be subject to the lien arising for materials furnished or labor performed. Nor do we think the fact that the lien notices described the husband as being the "reputed owner" of the property could operate to defeat the liens, where it developed upon the trial of the action to foreclose that it was in fact the property of the "community." In other words, we hold that a lien notice which describes the husband as the "reputed owner" of the premises is not invalid where it appears, upon the trial in a foreclosure suit in which both husband and wife are joined, that the property was in fact owned by the "community" but that such fact was not known to the claimant at the time of the filing of his lien notice; and this holding in nowise conflicts with the conclusion reached in *Sagmeister v. Foss*, 4 Wash. 320 (30 Pac. 80, 744). This court has held that the husband is empowered to contract for the erection of buildings on the community real estate and thus subject it to mechanics' liens. *Littell & Smythe Mfg. Co. v. Miller, supra.*

The respondent Nellie Douthitt was a party defendant in some of the actions brought to foreclose liens upon these premises, and said actions were consolidated with the causes instituted by these appellants;

and there was but one decree entered in such consolidated cause. The ownership of the property was one of the questions submitted upon the trial of such consolidated cause for a judicial determination. The court expressly found that it was the property of the respondent D. William Douthitt, and we think such finding is conclusive and binding upon her and the community composed of herself and the said D. William Douthitt. It was their right and they had the opportunity to make every possible defense which existed against the enforcement of the liens. The wife was a party to the decree; it was her right, either separately or by joining with her husband, to appeal from said decree. She, however, elected not to do so, and the same has become final and binding upon her as well as upon all other parties to the same.

While, as has been said, the respondent Nellie Douthitt was not a party to some of the foreclosure suits, yet she knew of their pendency and the objects sought to be attained therein. She also participated in the trial of the consolidated case, and knew of the decree and of her right to appeal. Under such circumstances we think that she, as well as her husband, is conclusively bound by the decree. The sole object of the several suits being to subject this property to the lien claims, each of the members of the community became directly interested in the result of said action. There was an identity of interest existing between them, so far as the property of the community was affected by the suits. The wife participated in the trial, at least as to some of the issues submitted for determination, and with full knowledge of the other issues and of their possible results, and with actual knowledge of what was decreed in the premises; she remained silent when she should have spoken, and

cannot now be heard. It is contrary to the policy of the law to allow the same question to be separately litigated by every person interested in it. *Albert v. Hamilton*, 76 Md. 304 (25 Atl. 341.)

Admitting the general rule to be that no one can be conclusively bound by a judgment or decree unless he be a party to the suit or be in privity with the party, we think this rule does not require a person to become a technical party to the record in order to be bound and concluded by the result of the suit. If he be interested in the subject matter of the suit and exercise the right of participating in the defense, he cannot afterwards be heard to contend that he is not bound and concluded by the judgment and decree to the same extent that he would have been if made a technical party to the proceeding.

" The law requires that there shall be an end of litigation, and, where a party has had a full and fair opportunity presented of making all the defenses at his command to an asserted right or claim, it is quite immaterial that he has elected to appear and defend in the name of another, who is a party of record, rather than cause himself to be made a co-defendant in the proceeding." *Parr v. State*, 71 Md. 220 (17 Atl. 1020.)

And this, we think, is applicable to the present case. The respondent Nellie Douthitt, in addition to being an actual party defendant in some of the foreclosure suits, had full knowledge of the existence of the others being prosecuted against this property. Also of the fact that her husband had actually appeared in them, and that counsel paid from the common fund was in charge of said litigation. She permitted the litigation to proceed in the way that it did proceed, understanding its nature and its possible results. A just appreciation of her relation to the " community,"

the identity of her interest in the property with that of her husband, and her knowledge of the pending litigation, alike required her to make such resistance to the foreclosure suits as the law and the facts warranted or would permit her to make; and failing so to do she must abide the consequences of such failure.

In *Bachelder v. Brown*, 47 Mich. 366 (11 N. W. 200), the court, speaking through Cooley, say:

" It is true the general rule is that judgments bind only parties and their privies; 'but it is equally true that those are *held to be parties* who have a right to control the proceedings, to make defense, to adduce and cross-examine the witnesses, and *to appeal from the decision if any appeal lies.'*  .  .  .  Courts will look beyond the nominal party, and treat as the real party him *whose interests are involved in the issue,* and who conducts and controls the action or defense, and will hold him concluded by any judgment that may be rendered."

In *Anderson v. Watt*, 138 U. S. 694 (11 Sup. Ct. 449), suit to foreclose a mortgage was brought against the wife alone and the husband joined in the answer. The supreme court of the United States, in an opinion by Fuller, C. J., say:

" Mr. Davis appears to have been a necessary party. And although plaintiffs did not originally, or by amendment after answer, make him in terms a party to their bill,  .  .  .  yet the effect of what was done was such as bound him by the decree, and we think upon this record he must be held to have become such. A person who has not been named as defendant to a bill may appear at the hearing, with the consent of all the parties to the cause; and in this instance the objection of want of consent cannot be taken."

The rule and the reason for it are most admirably stated by Mr. Greenleaf in vol. 1 of his work on Evidence, §§ 522, 523:

" Justice requires that every cause be once fairly

39 — 11 WASH.

and impartially tried; but the public tranquillity demands that, having been once so tried, all litigation of that question, and between those parties, should be closed forever. It is also a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger; but the converse of this rule is equally true, that by proceedings to which he was not a stranger he may well be held bound.

" Under the term *parties*, in this connection, the law includes all who *are directly interested in the subject matter*, and *had a right* to make defense, or to control the proceedings, *and to appeal from the judgment*. This right involves also the right to adduce testimony, and to cross-examine the witnesses adduced on the other side. Persons not having these rights are regarded as *strangers* to the cause. But to give full effect to the principle by which parties are held bound by a judgment, all persons who are represented by the parties, and claim under them, or in privity with them, are equally concluded by the same proceedings. We have already seen that the term *privity* denotes mutual or successive relationship to the same rights of property. *The ground, therefore, upon which persons standing in this relation to the litigating party are bound by the proceedings to which he was a party is, that they are identified with him in interest; and wherever this identity is found to exist, all are alike concluded.*"

The proposition here laid down is fully sustained by the authorities. *Albert v. Hamilton, supra; City of Chicago v. Robbins,* 2 Black, 418; *Robbins v. City of Chicago,* 4 Wall. 657; *Bachelder v. Brown, supra; Parr v. State, supra; Hurd v. McClellan,* 1 Col. App. 327 (29 Pac. 181).

Having neglected to perfect an appeal, and after waiting until the statute has run against new suits to enforce the liens, the respondents seek the interposition of equity to relieve them from the consequence of their own neglect, and the record herein presents the

somewhat novel and anomalous spectacle of equity enjoining its own decree.

The judgment and decree of the lower court must be reversed and the cause remanded with instructions to dismiss the action.

HOYT, C. J., and ANDERS and SCOTT, JJ., concur.

DUNBAR, J., dissents.