[No. 1790. Decided May 27, 1895.]

FREDERICK WATSON, *Appellant*, v. ERNEST L. SAWYER *et al.*, *Respondents*.

APPEAL— PARTIES — FINDINGS OF FACT— SUPPLEMENTAL TRANSCRIPT — MORTGAGES— LOAN BY AGENT OF BORROWER — LIEN —ATTORNEY FEES.

Where one has been made a party to an action for the foreclosure of a mortgage under the general allegation that he claims some interest in the property, but has not appeared in the action except for the purpose of disclaiming any interest in the subject matter of the suit, he is not a necessary party to an appeal and need not be served with notice.

A statement of facts is not necessary on appeal when the matter to be determined is whether or not the conclusions of law and the decree were warranted by the findings of fact.

In a trial by the court, the party in whose favor a decree is rendered is responsible for the findings of fact, and cannot be heard to object on appeal that the findings of fact and conclusions of law are insufficient to determine the rights of the parties.

Where one employed to procure a mortgage loan, under an agreement for a certain commission, himself makes the loan and takes a note and mortgage therefor, and retains the stipulated commission

under the direction of the mortgagor, he is entitled to a lien on the premises for such sum as if it had actually been paid to the mortgagor.

Where a note and mortgage provide in absolute terms for the payment of an attorney's fee, in case of suit, the mortgagee is entitled to a lien therefor upon the property, notwithstanding the mortgage may also provide that such attorney's fees might be retained out of the moneys made upon the foreclosure sale.

An appellate court will not allow the filing of a supplemental transcript for the purpose of disclosing a want of jurisdiction in a case in which the court has already taken action upon the record as originally presented.

*Appeal from Superior Court, Pierce County.*

*George H. Walker* (*Walker & Fitch,* of counsel), for appellant.

*Walter Christian* (*Murray & Christian*), for respondents.

The opinion of the court was delivered by

HOYT, C. J.—Respondents move to dismiss the appeal on several grounds: (1) That two of the defendants who had appeared in the action were not served with notice thereof; (2) Because no statement of facts had been settled and filed; and (3) Because the findings of fact and conclusions of law were insufficient to determine the rights of the parties.

The defendants who, it was alleged, were not served with notice of appeal, were made parties to the action, which was for the foreclosure of a mortgage, only by a general allegation to the effect that they had, or claimed to have, some interest in the property which was subsequent to the claim of plaintiff, and their appearance was only for the purpose of disclaiming any title whatever, and of asking a dismissal of the action as to them, and the action was so dismissed. Under these circumstances they were not necessary

parties to the appeal, and the failure to serve them with notice furnishes no reason for its dismissal.

As to the second ground: It is not necessary that there should be any statement of facts in order that an appeal should be entertained by this court for the purpose of determining whether or not the conclusions of law and the decree were warranted by the findings of fact.

The third proposition is also untenable, for the reason that if the findings of fact were not as complete as they should have been, it was the fault of respondents and cannot deprive the appellant of the right to have the question of the sufficiency of such findings as were excepted to tested in this court. The motion to dismiss will be denied.

The court found as a fact that the respondents Ernest L. Sawyer and wife, employed the appellant to procure a loan for them upon certain real estate in the sum of $3,000, and agreed to pay him for his services in so doing the sum of $236.88; that thereafter the appellant, instead of procuring the loan from some other person, made it himself and took a note of said respondents for the amount of the loan and to secure its payment was by them given a mortgage upon the property in question; that after the note and mortgage had been executed, the appellant and said respondents entered into an agreement to the effect that the mortgagors should at once be paid the sum of $1,000 out of the money so loaned; that the remainder thereof should be retained by the appellant and be paid out in pursuance of an arrangement between the parties as to the making of certain improvements upon the property named in the mortgage. This agreement contained a specific direction to the appellant to pay

himself out of said money the sum of $236.88, which it was agreed was due him for obtaining it. It was further found that before the agreement for the making of the improvements had been fully consummated and the entire sum of $3,000 paid out by the appellant, the said respondents became so embarrassed that the further prosecution of the enterprise was abandoned; that before such abandonment, and in pursuance of the agreement between the appellant and the said respondents, the appellant had disbursed the sum of $2,809.71 of the $3,000; which sum included the $236.88 which he was authorized to pay himself.

Upon this state of facts, the superior court was of the opinion that, as a matter of law and as against one who had obtained a lien upon the property subsequent to the lien of appellant's mortgage, the payment of the said sum of $236.88 could not be enforced as a part of the money secured by said mortgage; and one of the grounds of reversal relied upon by the appellant is that in so holding the superior court committed error. And we feel compelled to hold that this claim of appellant must be sustained; for while it is true that this sum was to be earned by the appellant by procuring the money from another, yet, in view of the fact that he himself advanced the money and thus accomplished the purposes of his employment to the same extent as though he had literally complied with the contract, and of the further fact that all the parties at that time interested in the transaction recognized the fact that the money had been earned to the same extent as though the loan had been obtained from a third person, and that said respondents for that reason directed its payment; we think that such direction should have been given the same force as though the

money had been actually paid to said respondents.

The superior court also held that the attorney fee provided for in the note and mortgage was not a lien upon the property until after its sale under the decree of foreclosure, and could only be paid out of the money made upon such sale; and in thus holding we think it also committed error. The note provided in absolute terms for the payment of an attorney's fee if suit was brought to collect the same, and the mortgage contained substantially the same condition; and the fact that it was therein provided that the sum due as such attorney's fee might be retained out of the moneys made upon the foreclosure sale should not be construed to have so changed the stipulation for its payment as to deprive the mortgagee of the benefit of a lien therefor upon the property, for the reason that the provision as to its being retained was a part of a clause in the mortgage which provided also that the amount due upon the note and mortgage for principal and interest might also be retained. As well might it be claimed that the lien for principal and interest could only be sustained upon a sale of the property.

The respondents cite the case of *Lammon v. Austin*, 6 Wash. 199 (33 Pac. 355), to sustain this ruling of the superior court; but the mortgage under construction in that case did not contain the following language, which was a part of the mortgage in the case at bar: "And in case such foreclosure suit is settled before judgment is recorded therein, said counsel fee may nevertheless be retained;" or, if it did, the attention of the court was not directed thereto.

The judgment and decree will be reversed and the cause remanded with instructions to include therein the said amount of $236.88, with interest thereon; and

to make the attorney fee provided for in the decree a lien upon the property.

ANDERS, SCOTT and GORDON, JJ., concur.

DUNBAR, J., concurs in the result.

## ON PETITION FOR REHEARING.

HOYT, C. J.—In the petition for rehearing .it is claimed that a mistake was made as to the facts shown by the record and relied upon by respondents in their motion to dismiss the appeal.

The motion to dismiss was founded upon the fact that certain of the defendants had not been served with notice of appeal, and was denied on the ground that such defendants were not necessary parties for the reason that they had never appeared in the action except for the purpose of disclaiming any interest in the subject matter of the suit. It is claimed in the petition that this assumption on the part of the court was not supported by the record made in the lower court, and to show that fact certain papers have been brought here and filed with the petition for a rehearing, by which it is sought to make it appear by way of supplemental record that such defendants had in fact appeared in the superior court.

.It is an almost universal practice with appellate courts to exercise their discretion to the fullest extent by way of allowing supplemental transcripts to be filed in furtherance of an appeal or to support their jurisdiction in a case in which action has been taken, but it is an equally universal practice not to allow this to be done for the purpose of disclosing a want of jurisdiction. Under these rules it is clear that this supplemental transcript must be entirely disregarded, and the petition decided upon the record as it existed

at the time the motion to dismiss the appeal was heard.

We have carefully re-examined such record and are of the opinion that it justified the denial of the motion to dismiss. Nowhere in such record is there any other appearance by the defendants not served with notice of appeal than the special one above suggested, except that there is a recital in the findings of fact that an attorney appeared for one of them, and it does not appear from such recital for what purpose he was there, nor in what capacity he had entered his appearance ; and in our opinion it was not sufficient to authorize us to assume, in the face of the transcript of the record which failed to show that any pleading or other paper had ever been filed by said defendant, that he had appeared generally in the action.

Beside, the force of such recital was entirely destroyed by one in another order made in the cause at a later date. In this last order it was recited that the plaintiff and certain defendants who had joined in the stipulation were all the parties interested in the decree, and the defendants who were not served with notice of the appeal were not mentioned therein. Not only did it thus appear that these defendants had never appeared in the action, but there was an affirmative certificate by the clerk to that effect.

The petition will be denied.

ANDERS, GORDON and SCOTT, JJ., concur.