[No. 2240. Decided September 26, 1896.]

JOHN WOLVERTON, *Appellant*, v. B. B. GLASSCOCK *et ux.*, *Respondents.*

JUDGMENT IN GARNISHMENT — RES JUDICATA— PROVINCE OF JURY.

In a suit upon a promissory note by the endorsee, in which the maker sets up the defense that the same had been paid in garnishment proceedings as a debt due the original payee, the action of the court in discharging the jury and finding for defendant is unwarranted, when there is conflicting evidence as to whether or not the endorsee had appeared in the garnishment proceedings.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.   Reversed.

*Jones, Belt & Quinn,* for appellant.

*Jones, Voorhees & Stephens,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.— Briefly stated, the appellant, John Wolverton, was the endorsee of two negotiable promissory notes executed by respondent Glasscock to appellant's father, W. M. Wolverton.   The appellant brought an action on the notes against the maker and his wife, Annie W. Glasscock, the complaint containing the usual allegations.   The answer of the defendants denied the endorsement of the plaintiff; denied the allegation that the notes had not been paid, and denied the reasonableness of the attorney's fee.   But the answer which raised the issues which are material in this case was a further allegation that the defendants were garnishees in a suit brought by the Exchange National Bank of Spokane against W. M. Wolverton and Maggie Wolverton as defendants; that judgment was rendered against the defendant B. B. Glasscock as such garnishee, for the amount due on the said promissory notes·sued on, and that the said B. B. Glasscock, in accordance with the demand of said judgment, had since paid and discharged said judgment so rendered against him as such garnishee, in full.   The reply of the plaintiff was a general denial.   Upon the trial of the cause the judge discharged the jury and decided the case adversely to the plaintiff, holding that the judgment in garnishment was a bar to the action.

It is urged by the appellant that the court erred in permitting any proof of the garnishee judgment or

proceeding against Glasscock, because the appellant was not a party to the garnishee proceedings and is not bound by any judgment rendered therein. The defendant in the garnishment case, in his answer, alleged that he had been informed and believed that the notes sued upon had been assigned by the defendant in that action, W. M. Wolverton, to the plaintiff in this action, John Wolverton. It is insisted by the appellant that, under § 152 of the Code of Procedure, it was the duty of the defendant garnishee to apply to the court for an order to substitute the assignee, and that this not having been done he is bound to answer to the assignee for the debt.

We think that the mode provided by the statute is not intended to be exclusive, and that the attention of the court was sufficiently called by the answer to the fact of the assignment; and especially would this be irrelevant if the assignee actually appeared in the case, and this case must really be determined upon the proposition of whether or not the assignee, John Wolverton, appeared in the garnishment proceedings. It was upon the theory that he did appear that the court decided the case. But it seems to us that it was the duty and province of the jury to determine that question,—which was purely a question of fact,— rather than the court. The opinion of the court, which is a part of the record in this case, would have been a very good argument to have been presented to the jury by the defendant's attorneys. The court proceeds in this opinion to allege reasons tending to show that Belt, one of the attorneys for the plaintiff in this case, appeared in the garnishment case as attorney for John Wolverton, and the court concludes its opinion with the following words: "Now the court concludes from the evidence in this case that

the plaintiff was represented at the trial at Sprague
and is concluded by the judgment there. The jury
will be discharged." As we have before indicated, it
was the province of the jury to reach conclusions from
the evidence, and the case cited by the court, viz.:
*Douthitt v. MacCulsky*, 11 Wash. 601 (40 Pac. 188),
does not sustain the doctrine that in a case of this
kind, where the testimony is conflicting, the court has
a right to take the ascertainment of questions of fact
from the jury and deprive the litigants of their con-
stitutional right of trial by jury.

For this error alone the cause will be reversed and
a new trial granted.

HOYT, C. J., and ANDERS, J., concur.

GORDON, J., concurs in the result.