[No. 4373.   Decided September 30, 1902.]

FIRST NATIONAL BANK OF SEATTLE, *Respondent*, v. GOR-
DON HARDWARE COMPANY, *Defendant*, JAMES C. SPURR
*et al., Appellants*.

| 30 | 127 |
| s31 | 683 |

APPEAL — NOTICE — PARTIES.

When a party to an action has not appeared except for the pur-
pose of disclaiming any interest in the subject matter of the suit,
he is not a necessary party to the suit, and need not be served with
notice thereof.

SAME — DISMISSAL FOR FAILURE TO SERVE ALL PARTIES.

A motion to dismiss an appeal for want of service of notice
upon one of the parties to the action is premature, where the
appellant has not brought up his record on appeal and his time
therefor has not expired, since the question of whether due notice
of appeal has been given to all the parties entitled thereto can be
determined only by an inspection of the record.

Appeal from Superior Court, King County.—Hon.
BOYD J. TALLMAN, Judge.   Dismissal of appeal denied.

*Byers & Byers,* for appellants.

*I. D. McCutcheon,* for respondent.

PER CURIAM.—The respondent, plaintiff below, on May
12, 1902, obtained a judgment against the defendant and
appellants foreclosing a mortgage upon real property.   On
August 9, 1902, the appellants gave notice of appeal from
the judgment, serving the same upon the plaintiff in the
action only, omitting to serve the defendant Gordon Hard-
ware Company.   The respondent moves to dismiss the ap-
peal on this ground, bringing here a short record showing
the judgment, the notice of appeal, and the return of ser-
vice thereon, and the bond on appeal.   The record of the
appellants is not in this court, and the time fixed by stat-
ute in which it must be filed has not expired.   The appel-

lants oppose the motion to dismiss, contending that the whole record will show that the answer of the Gordon Hardware Company was in effect a disclaimer of interest; that it afterwards defaulted, and that it had no such interest in the subject-matter of the action as to require a service of the notice of appeal upon it. In the case of *In re Murphy's Estate,* 26 Wash. 222 (66 Pac. 424), we held that the statute authorizes a resort to the record to determine whether due notice of appeal has been given to all the parties entitled to notice; and in *Watson v. Sawyer,* 12 Wash. 35 (40 Pac. 413), we held that, when a party to an action has not appeared except for the purpose of disclaiming any interest in the subject-matter of the suit, he is not a necessary party to the appeal, and need not be served with notice thereof. It is apparent, therefore, that, if the respondent's contention be correct, the appeal ought not to be dismissed. It is said, however, that the appellants ought not to be permitted to show these matters by affidavit, or statements made at the hearing, but that they should have brought the record here, so that the court could determine for itself, from an inspection of the record, whether or not the motion is well taken. But the statute gives the appellants a certain time within which to file their record in this court, and we do not think the respondent can be permitted to shorten this time by moving to dismiss the appeal. We conclude, therefore, that the motion is premature under the showing made, and that it must be denied, without prejudice to the right to renew it when the appellants' record is filed in this court, and it is so ordered.