[No. 5545.  Decided December 11, 1905.]

EDGAR AMES, *Respondent*, v. GEORGE KINNEAR *et al.*,
*Appellants.*[1]

APPEAL—DISMISSAL—RECORD SHOWING INSUFFICIENT BOND—SUPPLEMENTAL TRANSCRIPT. Upon a petition for a rehearing, after the dismissal of an appeal for insufficiency of the bond, the supreme court will, in order to support its jurisdiction, allow a supplemental transcript to be filed showing an error by the clerk of the superior court in entering the order fixing the amount of the supersedeas bond on appeal, from which it appears that the bond was sufficient; and on such showing the appeal will be reinstated.

Motion to dismiss an appeal from a judgment of the superior court for King county, Irwin, J., entered November 16, 1904. Denied.

*James M. Epler* and *Charles A. Kinnear,* for appellants.

*Sachs & Hale,* for respondent.

OPINION ON REHEARING.

CROW, J.—This action was commenced to obtain a partition of certain tide lands, in King county. On November 16, 1904, a decree was entered in favor of respondent, at which time appellants in open court gave notice of appeal, and asked the trial judge to fix the amount of a supersedeas bond, which being done, the clerk made the following entry, in court journal 203, at page 571:

[1]Reported in 82 Pac. 994.

"Counsel for defendants, in open court, gives notice of appeal to the supreme court from the final judgment and decree and from all orders adverse to the defendants. Court fixes supersedeas bond at $500."

On November 17, 1904, appellants filed a bond in the sum of $500, conditioned both as an appeal and supersedeas bond, and later ordered a transcript, which was filed in this court, and contained the above journal entry. On March 8, 1905, respondent moved to dismiss the appeal for insufficiency of such bond as both an appeal and supersedeas bond. This motion was heard by this court on March 31, 1905, and the appeal was dismissed. On April 1, 1905, appellants' attorney made an affidavit showing that the clerk of the superior court had made a mistake by failing to have said journal recite that the trial court had fixed $500 as the amount of an appeal, and also a supersedeas, bond; that said attorney had no knowledge of such mistake until the motion was heard in this court, the transcript on appeal having been prepared and sent up without his having any opportunity to examine it; and that he had filed a motion in the superior court to have said journal entry corrected to state the facts. Said affidavit was promptly served and filed in this court on Monday, April 3, 1905, at which time appellants also filed their motion asking time to have said journal entry corrected and certified to this court.

On April 14, 1905, Hon. Mason Irwin, the trial judge, made and entered the following order in the superior court of King county:

"The court upon inspection of the entries in the appearance docket No. 72-P. 641 in this action, of date of November 16, 1904, and of the journal entry Vol. 203, page 517, in said action of said date, finds, that the clerk has made an erroneous entry in both the said appearance docket and the journal in inserting the word supersedeas in the entry in the appearance docket and which reads 'Court fixes supersedeas bond at $500,' when the fact was that the entry should read 'Court fixes appeal and supersedeas bond at $500;' and

upon inspection of said journal at page 571, Vol. 203, instead of the words the court fixes supersedeas bond at $500, the fact was and the entry should read, court fixes appeal and supersedeas bond at $500.

"It is therefore ordered that the entry in said appearance docket No. 72 page 641 of date Nov. 16, 1904, in this action, be and the same is hereby corrected by inserting before the word 'supersedeas' the words 'appeal and' so that the said entry read 'Court fixes appeal and supersedeas bond at $500;' and,

"It is further ordered that the entry in said journal Vol. 203, page 571 and of date Nov. 16, 1904, in said action, be and the same is hereby corrected by inserting before the word 'supersedeas' the words 'appeal and' so that said entry read 'Court fixes appeal and supersedeas bond at $500,' and that said entries be made as of date of the 16th day of November, 1904."

On April 28, 1905, appellants filed in this court a supplemental transcript containing a copy of said order, and at the same time filed their petition for a rehearing upon said motion. An answer to the petition having been ordered and filed, and appellants having replied thereto, a rehearing was granted and the motion has been again presented by counsel for respondent and resisted by counsel for appellants.

The record now before us states the facts as they actually occurred, showing that the bond fixed by the trial judge in the sum of $500 was actually intended and ordered to operate both as an appeal and a supersedeas bond. This being true, the bond filed by appellants was sufficient, and this court obtained jurisdiction.

Respondent now contends that appellants should not be permitted to bring up any amendments of the record, after their appeal has been actually dismissed, but that, if they desired to secure the benefit of any such amendment, they should have acted prior to the formal order of dismissal. In support of this contention, respondent cites *Clark-Harris Co. v. Douthitt,* 5 Wash. 96, 31 Pac. 422, and *Boyer v. Boyer,*

4 Wash. 80, 29 Pac. 981. We do not think these cases are applicable to the present facts, nor do they sustain respondent's position. Courts are organized for the purpose of administering justice, and appellate tribunals, by virtue of their inherent power, may, in furtherance of justice and in the exercise of a reasonable discretion, reinstate an appeal after its dismissal. In *Powell v. Nolan,* 27 Wash. 318, 346, 67 Pac. 712, 68 Pac. 389, this court on petition for rehearing said:

"The respondent Powell, sends up with his petition a correct transcript of the return of service of summons on James Nolan, from which it appears that James Nolan was duly served, so as to confer upon the court jurisdiction over him. The failure to show the service of the summons in the original action was through a mistake of the clerk in transcribing the return of such service; and as this was not called to the attention of the respondent in the brief of the appellants, or otherwise, save in the opinion herein, the judgment of the respondent Powell should be, and the same is, affirmed."

In *Watson v. Sawyer,* 12 Wash. 35, 40 Pac. 413, 41 Pac. 43, this court on petition for rehearing said:

"It is an almost universal practice with appellate courts to exercise their discretion to the fullest extent by way of allowing supplemental transcripts to be filed in furtherance of an appeal or to support their jurisdiction in a case in which action has been taken, but it is an equally universal practice not to allow this to be done for the purpose of disclosing a want of jurisdiction."

In the case last cited, we disregarded a supplemental transcript for the reason that its tendency was to disclose a want of jurisdiction in this court on appeal; but in the case at bar, the effect of the supplemental transcript filed by appellants with their petition for a rehearing is to show jurisdiction. In the exercise of a reasonable discretion and in furtherance of justice, it should now be considered.

The order heretofore entered dismissing the appeal is vacated, and the motion to dismiss is denied.

MOUNT, C. J., DUNBAR, FULLERTON, HADLEY, RUDKIN, and ROOT, JJ., concur.