[No. 6063.   Decided April 11, 1906.]

JAMES SHEEHAN, *Appellant,* v. BAILEY BUILDING COMPANY, *Respondent.*[1]

APPEAL—NOTICE—STATEMENT OF FACTS—PARTIES.   No notice of appeal or proposed statement of facts need be served upon a party who was voluntarily dismissed from the action by the appellant at the trial.

NEGLIGENCE — DANGEROUS PREMISES — ENTRANCE TO BASEMENT — FALL DOWN STAIRWAY.   The owner of premises is not liable to a pedestrian on the sidewalk who falls down a stairway in attempting to escape from a runaway horse, where it appears that the stairway was in a private alley at the side of a building, protected on all sides except its entrance, which was over four feet from the line of the sidewalk and was a necessary or proper entrance to the basement of the building; since the owner is not required to guard against such an extraordinary accident.

[1]Reported in 85 Pac. 44.

Appeal from a judgment of the superior court for King county, Morris, J., entered June 10, 1905, upon granting a nonsuit, in an action for personal injuries sustained in falling down a stairway. Affirmed.

*John Arthur, T. D. Page,* and *Reavis, Thorp & Wheeler,* for appellant, cited: *Buesching v. St. Louis Gas Light Co.,* 73 Mo. 219, 39 Am. Rep. 503; *Graves v. Thomas,* 95 Ind. 361, 48 Am. Rep. 727; *Temperance Hall Ass'n v. Giles,* 33 N. J. L. 260; *Haughey v. Hart,* 62 Iowa 96, 17 N. W. 189, 49 Am. Rep. 138; *Murray v. McShane,* 52 Md. 217, 36 Am. Rep. 367; *Malloy v. Hibernia Sav. Bank* (Cal.), 21 Pac. 525; *Crogan v. Shiele,* 53 Conn. 186, 1 Atl. 899, 5 Atl. 673, 55 Am. Rep. 88; *Norwich v. Breed,* 30 Conn. 535; *Bush v. Johnston,* 23 Pa. St. 209.

*Peters & Powell,* for respondent, cited: Beach, Contributory Negligence, p. 262; Ray, Negligence of Imposed Duty, p. 116; *Alline v. Le Mars,* 71 Iowa 654, 33 N. W. 160; *McLaury v. McGregor,* 54 Iowa 717, 7 N. W. 91; *Hardcastle v. South Yorkshire R. Co.,* 4 Hurlst. & Norm. 67; *Hounsell v. Smyth,* 7 C. B. N. S. 731; *Franklin v. Fisk,* 13 Allen 211, 90 Am. Dec. 194; *McIntire v. Roberts,* 149 Mass. 450, 22 N. E. 13, 14 Am. St. 432, 4 L. R. A. 519; *Fitzgerald v. Berlin,* 51 Wis. 81, 7 N. W. 836, 37 Am. Rep. 814; *Ely v. Des Moines,* 86 Iowa 55, 52 N. W. 475, 17 L. R. A. 124; *Lorenzo v. Wirth,* 170 Mass. 596, 49 N. E. 1010, 40 L. R. A. 347; *Kelley v. Columbus,* 41 Ohio St. 263; *Teater v. Seattle,* 10 Wash. 327, 38 Pac. 1006.

Root, J.—The respondent is the owner of a large brick and stone office building, situated on the west side of Second avenue, in the city of Seattle. Just south of this building, with a narrow private alley-way between, is the Butler block, a large brick and stone hotel building. In the basement of the Bailey building is a restaurant, which is reached from Second avenue by means of a stairway, about four feet, six

inches wide, and situated in the alley-way between said buildings. The top of this stairway is four feet and seven inches from the line of the front (east side) of said buildings, which line is the west side of the sidewalk. From the said west line of the sidewalk to the top of the stairway there is a gradual slope of about five or six inches, and the sidewalk, as well as the cement walk between it and the stairway, slopes slightly and gradually toward the south. The stairway leading to the basement is protected on the north and south sides by the walls of the two buildings mentioned, and on the west side by an iron or steel railing. It is open and unguarded only on the east side where it opens into the area of the alley-way leading to the street.

On the 14th day of April, 1904, appellant, while walking along the sidewalk in front of said Bailey building, had his attention attracted to a runaway horse coming along on the sidewalk and, in attempting to avoid being run over, he in some manner, the evidence does not show how, entered said alley-way and fell down the stairway hereinbefore referred to, sustaining severe injuries. The case was brought on for trial before the court and a jury. At the close of plaintiff's case, a challenge was interposed to the sufficiency of the evidence, and a motion for nonsuit made, both of which were sustained, and the action dismissed. From the judgment of dismissal, an appeal is taken.

The action was originally commenced against respondent and the city of Seattle, and both defendants appeared. Upon the day of the trial, the case was dismissed as to the city, upon the motion of this appellant. Respondent here moves to strike the statment of facts, and to dismiss the appeal, for the reason that neither the proposed statement of facts nor the notice of appeal was served upon the city. We do not believe the requirement of the statutes with reference to service of a proposed statement of facts and notice of appeal is applicable to a case where, as here, one of the defendants,

upon the motion of the plaintiff, is dismissed from the action prior to or during the trial. *McEachern v. Brackett,* 8 Wash. 652, 36 Pac. 690, 40 Am. St. 922; *Watson v. Sawyer,* 12 Wash. 35, 40 Pac. 413, 41 Pac. 43; *Smalley v. Laugenour,* 30 Wash. 307, 70 Pac. 786; *First National Bank v. Gordon Hardware Co.,* 30 Wash. 127, 70 Pac. 251. Both motions will be denied.

Upon the merits, it is claimed by appellant that the respondent, in keeping an open stairway so near a much-traveled street, was guilty of maintaining a nuisance, which was the proximate cause of the injury sustained by the appellant in falling, as hereinbefore stated. It is doubtless the law that the owner of premises adjoining a street shall not permit thereupon conditions calculated to occasion or permit injury to travelers using the street in the usual and ordinary manner; and such owner is liable for such injuries as are occasioned, by improper condition of his premises, to such travelers while making such usual and proper use of the street. But this record does not present a case of that kind. This stairway was used to reach the basement of the building where a legitimate business was being carried on, and to which it was proper that there should be access from the public street. The top of the stairs was four feet and seven inches away from the sidewalk. The open area between the head of the stairs and the sidewalk was not a public thoroughfare, but was a private way, furnishing access to those desiring to enter the basement of said building. That a pedestrian should stumble and fall from the sidewalk, or be hurled in any manner therefrom in such a way as to fall or be precipitated down said stairway, would be an accident or circumstance not to be anticipated as naturally or necessarily incident to the use of said sidewalk and street. In other words, it would be an unusual and extraordinary occurrence, such as could scarcely be expected to happen other than through the fault or negligence of the person so falling or precipitated, or of some third person or

agency. The owner of premises adjacent to a street is not required to anticipate or guard against such unusual and extraordinary occurrences. *Teater v. Seattle,* 10 Wash. 327, 38 Pac. 1006; *Lorenzo v. Wirth,* 170 Mass. 596, 49 N. E. 1010, 40 L. R. A. 347; *McIntire v. Roberts,* 149 Mass. 450, 22 N. E. 13, 14 Am. St. 432, 4 L. R. A. 519; Ray, Negligence of Imposed Duties, p. 116; *Alline v. City of Le Mars,* 71 Iowa 654, 33 N. W. 160.

We do not think the record in this case reveals any negligence on the part of the respondent. The judgment of the superior court is therefore affirmed.

MOUNT, C. J., DUNBAR, CROW, HADLEY, FULLERTON, and RUDKIN, JJ., concur.